(41 Misc. Rep. 133.)

BOWERS et al. v. DENTON et al.

(Supreme Court, Special Term, New York County.   June, 1903.)

1. MORTGAGES — FORECLOSURE—PARTIES—SUBSEQUENT JUDGMENT CREDITOR—
APPLICATION AFTER SALE.

Code Civ. Proc. § 452, provides that where a person not a party to an action has an interest in the subject thereof, or any real property the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in by proper amendment. *Held*, that where a subsequent judgment creditor of a mortgagor, entitled to any surplus, applied to be made a party to foreclosure proceedings after sale, and alleged that a relative of the mortgagor had purchased at the sale, had not completed in time, had been granted several months' additional time, and that the proceeds of the sale were inadequate, he was entitled to be made a party defendant.

Action by John M. Bowers and others against Henry M. Denton and others.   Motion by a person not a party for leave to be made a party defendant.   Motion granted.

Daniel Seymour, for the motion.

Thomas O'Callaghan, Jr., opposed.

GIEGERICH, J.   This is an application made under section 452 of the Code of Civil Procedure, by a person not a party to the action, for leave to be brought in as a defendant.   The action is to foreclose a mortgage, and had proceeded to a sale of the premises before the applicant, who is the judgment creditor upon a judgment obtained subsequent to the commencement of the action, took any steps to secure admission as a party.   Under this judgment the applicant is entitled to the surplus moneys which will be realized upon the sale.   It is alleged furthermore that the amount obtained at the sale was inadequate, and that the purchase was made by a relative of the defendant Denton, the judgment debtor.   It is further stated that this relative failed to complete his purchase, and that the plaintiffs' attorney has improperly allowed him various adjournments for closing the title, extending over a period of several months.   It has been held (Earle v. Hart, 20 Hun, 75) that the right of a person having an interest in the subject of an action at the time of the filing of the lis pendens to be admitted as a party under section 452 of the Code of Civil Procedure is absolute, while the right of one who acquired his interest subsequent to the filing of the lis pendens is not absolute, but depends upon the sound discretion of the court.   Under all the circumstances shown by the papers in this case, some of which it is unnecessary to recite here, I am of the opinion that the applicant should be permitted to come in as a party, in order to have a standing to make the desired motion to set aside the sale heretofore held, and direct a resale.   The motion for leave to be made a party defendant is therefore granted, but the motion to set aside the sale heretofore made must for the present be denied in both cases, without costs.

Ordered accordingly.